ORIGINAL

FILED

11/12/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0590

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0590

IN RE THE PARENTING OF A.V.R.,

Minor Child,

KENNETH KOFLER,

Petitioner and Appellee,                                    O R D E R

and

BILLIE K. REIS,

FILED

NOV 1 2 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Respondent and Appellant.

Appellee Kenneth Kofler, via counsel, has moved to dismiss this appeal on the basis that it is an appeal taken from an order that is not immediately appealable. Appellant Billie K. Reis has responded in opposition to Kofler's motion to dismiss.

On October 4, 2024, Reis filed her Notice of Appeal in this Court, indicating she was appealing "from the final judgment or order entered . . . on September 18, 2024" by the Eleventh Judicial District Court, Flathead County, in its Cause No. DR-2017-525B. That order, captioned Order Reaffirming July 19 2024 Order and Setting Hearing on Motion for Contempt, explains, "This matter is before the Court on *Petitioner's November 13, 2023 Motion for Contempt*, Petitioner's *Supplemental and Renewed Motion for Contempt* . . . and this Court's July 19, 2024 Order. . . ." The court ordered "that in-person reunification therapy . . . shall begin immediately . . . ." The Order further set a hearing for October 16, 2024, "to determine whether this reunification therapy should remain in effect" and to consider whether any changes in custody should occur "based upon Petitioner's claims of contempt . . . and claims for attorney's fees and costs."

Kofler argues the September 18, 2024 Order is not a final order and thus not subject to appeal at this juncture. Kofler notes Reis's Notice of Appeal also asserts the appeal

"includ[es] the District Court's refusal to relinquish jurisdiction to the Wilkes County, North Carolina District Court, as reflected in that Court's order dated August 27, 2024." However, he argues the District Court has not issued a final order on jurisdiction and Reis cannot appeal the North Carolina order in this Court.

Reis raises three arguments in opposition to Kofler's motion to dismiss. First, she asserts a District Court's refusal to relinquish jurisdiction is appealable. She relies on *In re the Parenting of A.B.A.M.*, 2004 MT 222, 322 Mont. 406, 96 P.3d 1139. However, that case is readily distinguishable as it was an appeal from a District Court order in which the court refused to relinquish jurisdiction over custody and parenting issues. *A.B.A.M.*, ¶ 1. No such order exists in the present case. M. R. App. P. 6 provides that parties may appeal from a final judgment or from specified final orders. Reis cannot appeal from a nonexistent order.

Next, Reis asserts the September 18, 2024 Order is immediately appealable "for lack of subject matter jurisdiction" pursuant to M. R. App. P. 6(3)(c). Rule 6(3)(c) provides that "an order denying a motion to dismiss for lack of subject matter jurisdiction" is immediately appealable in a civil case. Clearly, the September 18, 2024 Order is *not* an order denying a motion to dismiss for lack of subject matter jurisdiction, nor does it appear that such motion has been filed and ruled upon in this case. Thus Rule 6(3)(c) has no relevancy here.

Finally, Reis asserts her Notice of Appeal is timely. Timeliness becomes an issue, however, only if the order is appealable. As Kofler argues in his motion to dismiss, the September 18, 2024 Order, which flows from an interim parenting plan, is not a final order and, as such, is not presently appealable.

Although Kofler further asks this Court for various sanctions, we do find such warranted at this juncture.

IT IS THEREFORE ORDERED that this appeal is DISMISSED.

IT IS FURTHER ORDERED that this matter is REMANDED to the District Court.

The Clerk is directed to provide copies of this Order to all counsel of record.

2

Dated this 12 day of November, 2024.

_____

_____

_____

_____

_____
Justices

3